UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────

DULCE COLON,

                        Plaintiff,              10 Civ. 4794 (JGK)

            - against -                         MEMORANDUM OPINION AND
                                                ORDER
TRUMP INTERNATIONAL HOTEL &
TOWER AND LAURA CUNNINGHAM,

                        Defendants.
────────────────────────────────

JOHN G. KOELTL, District Judge:

    The plaintiff, Dulce Colon, filed this action against her
former employer, the Trump International Hotel and Tower ("the
Trump Hotel"), and her former supervisor, Laura Conahan
("Conahan") (collectively "the defendants").[1]  The plaintiff
alleges that the defendants discharged her from her position as
an Assistant Housekeeping Manager at the Trump Hotel on the
basis of her age in violation of the Age Discrimination in
Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., New York
Executive Law § 296 ("NYSHRL"), and the New York City
Administrative Code § 8-107 ("NYCHRL").  The defendants now move
pursuant to Federal Rule of Civil Procedure 56 for summary
judgment dismissing all of the plaintiff's claims.

───────────────────────
[1] Conahan was improperly named as Laura Cunningham in the Complaint.

**I.**

The standard for granting summary judgment is well established.  "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994).  "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them."  Gallo, 22 F.3d at 1224.  The substantive law applicable to the claims will identify which issues are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Jenkins v. N.Y. State Banking Dep't, No. 07 Civ. 6322, 2010 WL 2382417, at *1 (S.D.N.Y. Sept. 30, 2010).

In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal citation omitted); Gallo, 22 F.3d at 1223.  Summary

judgment is inappropriate if there is any evidence in the record from any source from which a reasonable inference may be drawn in favor of the nonmoving party.  See Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994).  The moving party has the initial burden of demonstrating the lack of a material issue of fact.  If the moving party meets its burden, the burden shifts to the nonmoving party to bring forward "specific facts showing a genuine issue for trial." Jenkins, 2010 WL 2382417, at *1. To meet its burden, the nonmoving party must produce evidence from the record and "may not simply rely on conclusory statements or on contentions that the affidavits supporting the motion are not credible . . . ." Ying Jing Gan v. City of N.Y., 996 F.2d 522, 532 (2d Cir. 1993); see also Scotto v. Almenas, 143 F.3d 105, 114-15 (2d Cir. 1998) (collecting cases); Jenkins, 2010 WL 2382417, at *1.


## II.

The following facts are taken from the evidence submitted to the Court and are undisputed unless otherwise noted.

The plaintiff was born on January 26, 1959.  (Decl. of Thomas Ricotta in Opp. to Defs.' Mot. for Summ. J. ("Ricotta Decl.") Ex. 3 ("Colon Dep. Tr.") at 6.)  In or around May 2008, the plaintiff was interviewed for the position of Assistant Housekeeping Manager by Conahan, Director of Housekeeping at the

Trump Hotel.  (Defs.' Local Rule 56.1 Stmt. of Material Facts ("Defs.' 56.1 Stmt.") ¶ 4; Pl.'s Local Rule 56.1 Counterstmt. ("Pl.'s 56.1 Stmt.") ¶ 4.)  The plaintiff was forty-nine years of age at the time of the interview.  (Defs.' 56.1 Stmt. ¶ 4; Pl.'s 56.1 Stmt. ¶ 4.)  The plaintiff claims that Conahan was unaware of the plaintiff's age at the time of the interview. (Pl.'s 56.1 Stmt. ¶ 4.)  After the interview, Conahan recommended to the Human Resources Department and to Suzie Mills ("Mills"), the General Manager of the Trump Hotel, that the plaintiff be hired.  (Defs.' 56.1 Stmt. ¶ 5; Pl.'s 56.1 Stmt. ¶ 5.)

The plaintiff began her employment with the Trump Hotel on May 12, 2008, as an Assistant Housekeeping Manager.  (Defs.' 56.1 Stmt. ¶ 6; Pl.'s 56.1 Stmt. ¶ 6.)  During the plaintiff's employment with the Trump Hotel, she was one of six full-time Assistant Housekeeping Managers.  (Defs.' 56.1 Stmt. ¶ 7; Pl.'s 56.1 Stmt. ¶ 7.)  The defendants claim that the other five managers' ages were: fifty, fifty, forty-three, forty-three, and thirty-five.  (Defs.' 56.1 Stmt. ¶ 7; Aff. of Deirdre Rosen in Supp. of Defs.' Mot. for Summ. J. ("Rosen Aff.") ¶ 4.)  The plaintiff claims that she was the oldest Assistant Housekeeping Manager, but bases this claim on the hearsay statements of other Assistant Housekeeping Managers.  (Pl.'s 56.1 Stmt. ¶ 7; Colon Dep. Tr. 39-43.)

On May 20, 2008, during the plaintiff's employment with the Trump Hotel, Loida Fernandez ("Fernandez"), twenty-six years of age, was hired as a Temporary Assistant Housekeeping Manager. (Defs.' 56.1 Stmt. ¶ 8; Rosen Aff. ¶ 5.)

The primary employment responsibility of Assistant Housekeeping Managers is the inspection of guest rooms for occupancy, ensuring that each room meets the Trump Hotel's standards for quality and cleanliness. (Defs.' 56.1 Stmt. ¶ 9; Pl.'s 56.1 Stmt. ¶ 9; Colon Dep. Tr. 158-59.) Assistant Housekeeping Managers also ensure that rooms are ready at check-in time so that guests are not kept waiting. (Defs.' 56.1 Stmt. ¶ 11; Pl.'s 56.1 Stmt. ¶ 11; Colon Dep. Tr. 168.)

The plaintiff was taught and understood the Trump Hotel's standards for quality and cleanliness. (Defs.' 56.1 Stmt. ¶ 13; Pl.'s 56.1 Stmt. ¶ 13.) These standards include that dust, hair, and prior guests' personal effects may not be left in a room approved for occupancy. (Defs.' 56.1 Stmt. ¶ 13; Pl.'s 56.1 Stmt. ¶ 13; Colon Dep. Tr. 175.) The plaintiff claims that, although she was taught and understood the standards, she was denied training opportunities in the housekeeping department that were provided to her younger coworkers, including Fernandez. (Pl.'s 56.1 Stmt. ¶ 13.) The defendants claim that the plaintiff attended the only orientation provided to new Assistant Housekeeping Managers. (Aff. of Diane Windholz in

Supp. of Defs.' Mot. for Summ. J. ("Windholz Aff.") Ex. B ("Conahan Dep. Tr.") 24-27; Colon Dep. Tr. 181-84.)

The defendants claim that the plaintiff "exhibited a number of serious performance deficiencies" during her employment that led to her termination.  (Defs.' 56.1 Stmt. ¶ 15.)  While the plaintiff does not dispute that she made mistakes, she claims that the mistakes she made were no worse and no more frequent than the mistakes made by the other Assistant Housekeeping Managers.  (Pl.'s 56.1 Stmt. ¶ 15.)

The defendants present the following incidents as evidence of serious performance deficiencies in the course of the plaintiff's approximately three months of employment:

- On one occasion, the plaintiff advised Mills that a room would be ready in one hour for a waiting VIP guest, and then when Mills asked about the room one hour later, the plaintiff told Mills that the room would be ready in another hour.  (Defs.' 56.1 Stmt. ¶ 15; Pl.'s 56.1 Stmt. ¶ 15.)

- On August 11, 2008, the plaintiff caused a guest to wait in excess of two and one half hours because she was late in preparing a room for occupancy. (Defs.' 56.1 Stmt. ¶ 17; Pl.'s 56.1 Stmt. ¶ 17; Colon Dep. Tr. 201-02.)

- On one occasion, during a VIP tour, Mills found a long black hair in the sink, coffee grinds in the coffee maker and a disheveled bedspread in a room that the plaintiff had approved for occupancy. (Defs.' 56.1 Stmt. ¶ 19; Pl.'s 56.1 Stmt. ¶ 19; Colon Dep. Tr. 200-01.)

- On August 7, 2008, Mills received a guest complaint stating that a prior guest's underwear had been left in a room inspected and approved by the plaintiff. (Defs.' 56.1 Stmt. ¶ 20; Pl.'s 56.1 Stmt. ¶ 20.) According to the plaintiff, the error occurred because another Assistant Housekeeping Manager was absent and the remaining managers needed to take on his work for the day. (Windholz Aff. Ex. G).

On August 8, 2008, Conahan prepared a 90 Day Evaluation of the plaintiff's performance and evaluated the plaintiff's overall performance as a 1.4 on a 4 point scale, or as not meeting expectations. (Defs.' 56.1 Stmt. ¶ 22; Ricotta Decl. Ex. 2.) The plaintiff claims that the scores she received in some categories, including attendance, did not accurately reflect her job performance. (Pl.'s 56.1 Stmt. ¶ 22.)

Conahan sent the plaintiff's 90 Day Evaluation to the Human Resources Department and recommended that the plaintiff's probationary employment period be extended by 30 days. (Defs.'

56.1 Stmt. ¶ 25.)  Conahan, however, after consultation with
Deidre Rosen ("Rosen"), the director of Human Resources, then
recommended that the plaintiff's employment be terminated, a
recommendation that Mills approved.  (Defs.' 56.1 Stmt. ¶ 25;
Rosen Aff. ¶ 8.)

On August 18, 2008, Conahan and Rosen informed the
plaintiff that her employment with the Trump Hotel was
terminated because her performance did not meet the Trump
Hotel's expectations.  (Defs.' 56.1 Stmt. ¶ 26; Pl.'s 56.1 Stmt.
¶ 26.)  The plaintiff claims that this reason was pretextual and
that she was terminated because of her age.  (Pl.'s 56.1 Stmt.
¶¶ 25-26.)

On August 19, 2008, the Assistant Housekeeping Manager
position was posted according to the Trump Hotel's protocols,
and Fernandez was the only internal applicant for the position.
(Defs.' 56.1 Stmt. ¶ 28; Rosen Aff. ¶ 10; Conahan Dep. Tr. 67-
68.)  According to the plaintiff, Fernandez told her that
Conahan informed Fernandez that Fernandez would receive the
plaintiff's position at a higher salary than the plaintiff had
received.  (Colon. Dep. Tr. 93.)  Fernandez was hired to replace
the plaintiff as an Assistant Housekeeping Manager on or around
September 22, 2008, at the same salary the plaintiff had been
paid.  (Rosen Aff. ¶ 11.)

According to the plaintiff's deposition testimony, Conahan got along well with the other Assistant Housekeeping Managers, including those who were older than the plaintiff.  (Colon Dep. Tr. 115-18; Defs.' 56.1 Stmt. ¶ 29; Pl.'s 56.1 Stmt. ¶ 29.)  The plaintiff testified that Conahan did not like her and the only reason the plaintiff could think of was because of the plaintiff's age.  (Colon Dep. Tr. 102; Defs.' 56.1 Stmt. ¶ 30.)

### III.

The defendants move for summary judgment dismissing the plaintiff's age discrimination claims under the ADEA, NYSHRL, and NYCHRL.

### A.

The ADEA makes it unlawful for an "employer" to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  The NYSHRL and NYCHRL each contain a similar prohibition.  See N.Y. Exec. Law § 296(a) (McKinney 2010); N.Y.C. Admin. Code § 8-107(a) (West 2011).

The plaintiff's claims of age discrimination under the ADEA, NYSHRL, and NYCHRL are evaluated at the summary judgment stage under the familiar burden-shifting analysis that was

developed by the Supreme Court in the context of Title VII cases
in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  See
Gorzynski v. Jetblue Airways Corp., 596 F.3d 93, 106 & n.6 (2d
Cir. 2010) (concluding that the McDonnell Douglas framework
remains binding in cases in the Second Circuit under the ADEA
and NYSHRL, even after the Supreme Court's decision in Gross v.
FBL Financial Services Inc., 129 S. Ct. 2343 (2009)); Jenkins,
2010 WL 2382417, at *6 (applying the McDonnell Douglas framework
to claims of age discrimination under the ADEA, NYSHRL, and
NYCHRL).

Under the McDonnell Douglas framework, the plaintiff has
the initial burden of establishing a prima facie case of
discrimination.  To establish a prima facie case of age
discrimination under the ADEA, NYSHRL, and NYCHRL, a plaintiff
must show that: (1) she was within the protected age group; (2)
she was qualified for her position; (3) she suffered an adverse
employment action; and (4) the adverse employment action
occurred under circumstances giving rise to an inference of
discrimination.  See Gorzynski, 596 F.3d at 107; Jenkins, 2010
WL 2382417, at *6.  If the plaintiff establishes a prima facie
case, the burden shifts to the defendants to articulate a
legitimate, nondiscriminatory reason for the adverse employment
action.  See McDonnell Douglas, 411 U.S. at 802. If the
defendants articulate a legitimate reason for the adverse

10

action, the presumption of discrimination raised by the prima facie case drops out, and the plaintiff has the opportunity to demonstrate that the defendants' proffered reason was pretextual and that the true reason for the adverse employment action was her membership in the protected class.  Id. at 804; Gorzynski, 596 F.3d at 107; Jenkins, 2010 WL 2382417, at *7.

In Gross, the Supreme Court made it clear that a plaintiff bringing a disparate treatment claim under the ADEA must prove, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse action.  It is insufficient for the plaintiff to prove simply that age was "one motivating factor" in the decision.  129 S. Ct. at 2352.  Gross thus rejected a "mixed-motive" analysis under which a plaintiff could prove that age was "one motivating factor" in the decision, at which point a defendant could raise the affirmative defense that, although age was a motivating factor, the defendant would have made the same decision even without the improper motive.

Because Gross only addressed claims brought under the ADEA, it did not resolve whether the new "but-for" standard also applies to age discrimination claims brought under state and municipal civil rights laws, such as the NYSHRL and NYCHRL.  In Gorzynski, the Court of Appeals for the Second Circuit assumed without deciding that the "but-for" restriction on ADEA claims

also applied to claims brought under the NYSHRL.  <u>Gorzynski</u>, 596
F.3d at 105-06 n.6.[2]

However, there is a strong argument that NYCHRL claims
remain subject to the standard that requires age to be only a
"motivating factor" for the adverse employment action, rather
than the "but-for" cause.  In <u>Weiss v. JPMorgan Chase & Co.</u>, No.
06 Civ. 4402, 2010 WL 114248, at *3-4 (S.D.N.Y. Jan. 13, 2010),
Judge Cote held that the "motivating factor" standard still
applies to NYCHRL claims, relying on § 7 of the Local Civil
Rights Restoration Act of 2005, N.Y.C. Local Law No. 85 (2005)
("Restoration Act"), which amended § 8-130 of the New York City
Administrative Code, the construction provision of the NYCHRL.
Section 7 provides that provisions of the NYCHRL "shall be
construed liberally for the accomplishment of [the law's] unique
broad and remedial purposes," without regard to the construction
of federal and New York state antidiscrimination laws.
Restoration Act § 7.  Similarly, the Court of Appeals for the
Second Circuit interpreted § 7 as a rejection of equivalence
between the NYCHRL and federal counterparts, emphasizing that
"'similarly worded provisions of federal and state civil rights
laws [are to be viewed] as a <u>floor</u> below which the City's Human

_____

[2] The Court will follow the Court of Appeals and assume without deciding that
the "but for" restriction applies to NYSHRL claims.  In this case, as
explained below, there is no difference in outcome because the plaintiff
cannot show that a reasonable factfinder could find that age was even a
"motivating factor" in her termination.

Rights law cannot fall.'" Loeffler v. Staten Island Univ.
Hosp., 582 F.3d 268, 278 (2d Cir. 2009) (quoting Restoration Act
§ 1).  Given the Court of Appeals' view that the NYCHRL is not
equivalent to federal and state antidiscrimination laws, the
NYCHRL is still subject to the "motivating factor" standard for
the reasons articulated by Judge Cote in Weiss.

The choice between a "but-for" causation standard and a
"motivating factor" standard becomes relevant at the third step
of the McDonnell Douglas analysis.  See Hirschberg v. Bank of
Am., N.A., 754 F. Supp. 2d 500, 512, 514 (E.D.N.Y. 2010).  If
the defendants produce a legitimate reason for the adverse
action, then the plaintiff has the opportunity to show that the
proffered reason was pretextual and that a reasonable jury could
find the true cause of the adverse employment action to be the
plaintiff's membership in the protected class.  McDonnell
Douglas, 411 U.S. at 804.  After Gross and Gorzynski, to show
pretext in an ADEA or NYSHRL case, the plaintiff must
demonstrate that a reasonable jury could find that the
plaintiff's age was the "but-for" cause of the adverse
employment action.  NYCHRL claims continue to require a
plaintiff to demonstrate only that a reasonable jury could find
that age discrimination was a "motivating factor" in the action.

**B.**

Neither party disputes that the plaintiff has established the first three prongs of a prima facie case of age discrimination.  First, during the three-month period that she was employed by the Trump Hotel, the plaintiff was forty-nine years old, within the protected class.  Second, the plaintiff was qualified for her position.  Third, the plaintiff suffered an adverse employment action when her employment was terminated by the Trump Hotel.

The parties dispute whether the plaintiff satisfied the fourth prong of the prima facie case.  The plaintiff argues that she established that the termination of her employment occurred under circumstances giving rise to an inference of age discrimination.  As evidence of these circumstances, the plaintiff points to the fact that a twenty-six year old coworker, Fernandez, was promoted to replace her as Assistant Housekeeping Manager after the plaintiff's termination.  (Colon Dep. Tr. 93-95.)  The plaintiff also alleges that her younger coworkers were provided with training that she was denied and that Conahan, her supervisor, treated her with hostility in meetings, although these additional facts are only supported by the plaintiff's assertions.  (Colon Dep. Tr. 127, 136, 185-88, 198.)

Evidence that an employee was replaced by a substantially younger individual or an individual outside the protected class suffices to show circumstances giving rise to an inference of age discrimination.  The Second Circuit Court of Appeals has recognized that, in general, "a plaintiff's replacement by a significantly younger person is evidence of age discrimination." Carlton v. Mystic Transp., Inc., 202 F.3d 129, 135 (2d Cir. 2000) (citing O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 313 (1996)); see also Rupert v. City of Rochester, Dep't of Envtl. Servs., 701 F. Supp. 2d 430, 441-42 (W.D.N.Y. 2010) (holding that a fifty-five year old plaintiff's replacement by a thirty-seven year old employee provided an inference of age discrimination).  Thus, a reasonable jury could find that the circumstances of the plaintiff's termination give rise to an inference of discrimination.

The burden thus shifts to the defendants to provide a legitimate, nondiscriminatory rationale for the plaintiff's termination.  See McDonnell Douglas, 411 U.S. at 802.  Here, the defendants allege that the plaintiff's employment was terminated because of deficiencies in her work performance.  The plaintiff does not dispute that each performance deficiency alleged by the defendants occurred. (Pl.'s 56.1 Stmt. ¶¶ 15, 17, 19, 20.)  The defendants have plainly set out a legitimate, nondiscriminatory reason for the adverse employment action.  See Meiri v. Dacon,

15

759 F.2d 989, 997 (2d Cir. 1985) (holding that "an honest
belief" that an employee's job performance "[does] not measure
up to that required" is a legitimate, nondiscriminatory reason
to discharge an employee); Aksamit v. 772 Park Ave. Corp., No.
00 Civ. 5520, 2003 WL 22283813, at *4 (S.D.N.Y. Oct. 2, 2003)
("poor work performance" is a legitimate, nondiscriminatory
reason to fire an employee).

     After the employer articulates a nondiscriminatory
rationale for the adverse employment action, the plaintiff has
an opportunity to prove the existence of factual issues as to
whether the employer's proffered rationale is a pretext for age
discrimination.  See Tex. Dep't of Cmty. Affairs v. Burdine, 450
U.S. 248, 255-56 (1981).  After Gross and Gorzynski, the
plaintiff at this stage must point to genuine factual issues as
to whether age was the "but for" cause of the termination for
purposes of the ADEA and the NYSHRL or a "motivating factor" for
purposes of the NYCHRL.  The Court of Appeals for the Second
Circuit has instructed that in determining whether the plaintiff
has met her burden at the third step of the McDonnell Douglas
analysis, a court is to use a "case by case" approach that
evaluates "the strength of the plaintiff's prima facie case, the
probative value of the proof that the employer's explanation is
false, and any other evidence that supports [or undermines] the
employer's case."  James v. N.Y. Racing Ass'n, 233 F.3d 149, 156

(2d Cir. 2000) (quoting <u>Reeves v. Sanderson Plumbing Prods. Co.</u>, 530 U.S. 133, 148–49 (2000)) (alteration in <u>James</u>).  Although summary judgment must be granted with caution in employment discrimination actions "where intent is genuinely in issue, . . . summary judgment remains available to reject discrimination claims in cases lacking genuine issues of material fact." <u>Chambers</u>, 43 F.3d at 40; <u>see also</u> <u>Jenkins</u>, 2010 WL 2382417, at *7.

The plaintiff's prima facie case is fairly weak.  While her position was filled by a younger worker, that employee was already employed by the Trump Hotel and was the only internal employee who applied for the position.  This is not a case in which there is any reasonable inference that the plaintiff was terminated to make way for a younger employee.

Moreover, the age distribution of the Assistant Housekeeping Managers undermines the plaintiff's prima facie case.  "Proof that a significant number of employees the same age or older than the plaintiff remained on the job undermines the claim 'that age was the determinative factor in [the plaintiff's] termination.'" <u>Rupert</u>, 701 F. Supp. 2d at 445 n.11 (W.D.N.Y. 2010) (quoting <u>Constantinescu v. Dentsply Equip.</u>, No. 95 Civ. 5310, 1998 WL 146702, at *6 (E.D.N.Y. Mar. 24, 1998)). The plaintiff claims that all of the other Assistant Housekeeping Managers were younger than she was.  (Colon Dep.

Tr. 39-40, 42.)  However, the plaintiff's claim is inadmissible
hearsay that is entitled to no weight.  Fed. R. Evid. 801(c).
By contrast, the defendants submitted an affidavit by Rosen, the
Director of Human Resources, explaining that four of the other
five Assistant Housekeeping Managers were in the plaintiff's
protected age group and two were older than the plaintiff.
(Rosen Aff. ¶ 4.)  In this case, the fact that four of the other
five Assistant Housekeeping Managers were in the plaintiff's
protected age group and remained on the job after the
plaintiff's termination undermines her claim that she was
terminated because of her age.

Moreover, the fact that Conahan was involved in hiring the
plaintiff and then was involved in terminating her about three
months later undercuts any inference of discriminatory intent.
The Court of Appeals for the Second Circuit has held that "when
the person who made the decision to fire was the same person who
made the decision to hire, it is difficult to impute to her an
invidious motivation that would be inconsistent with the
decision to hire."  Grady v. Affiliated Cent., Inc., 130 F.3d
553, 560 (2d Cir. 1997); see also Allen v. J.P. Morgan Chase &
Co., No. 06 Civ. 8712, 2009 WL 857555, at *10 (S.D.N.Y. Mar. 31,
2009).  This "same actor inference" becomes "less compelling
when a significant period of time elapses between the hiring and
firing."  Carlton, 202 F.3d at 138 (time period of seven years

between hiring and firing).  However, in this case, only three months elapsed between Conahan's hiring and firing the plaintiff, which is sufficiently close in time to provide some weight to this consideration.

In contrast, the defendants have presented a strong showing of a nondiscriminatory reason for the plaintiff's termination, namely her poor performance.  There were several serious incidents of poor performance in a relatively brief period of about three months immediately after the plaintiff was hired.

The plaintiff's conclusory allegation that her younger co-workers exhibited similar performance deficiencies is not sufficient to show a genuine issue of material fact as to whether the defendants' reason for terminating the plaintiff was pretextual.  The plaintiff's belief that she has been the victim of age discrimination cannot defeat a motion for summary judgment in the absence of any corroborating evidence.  See Bickerstaff v. Vassar Coll., 196 F.3d 435, 456 (2d Cir. 1999).  A plaintiff can rely on her own affidavit to resist a motion for summary judgment when it is based on personal knowledge.  Jenkins, 2010 WL 2382417, at *10.  However, if the affidavit is not based on her personal knowledge or consists of conclusory statements, then it is insufficient to resist a summary judgment motion.  See, e.g., Bickerstaff, 196 F.3d at 452 ("Statements that are devoid of any specifics, but replete with conclusions,

are insufficient to defeat a properly supported motion for summary judgment."); Danzer v. Norden Sys., Inc., 151 F.3d 50, 57 n.5 (2d Cir. 1998); Jenkins, 2010 WL 2382417, at *10.  The plaintiff points to comments made by Conahan during her deposition conceding that other Assistant Housekeeping Managers also had some performance deficiencies that required Conahan to have one-on-one meetings with those managers.  (Conahan Dep. Tr. 52-60.)  However, Conahan further testified that no other Assistant Housekeeping Manager exhibited multiple egregious performance deficiencies requiring consultation with Mills, the General Manager, within such a short period of time.  (Conahan Dep. Tr. 61.)  The plaintiff does not present any evidence in the record to the contrary.

The absence of any discriminatory comments also weakens the plaintiff's claim that age was a factor in her termination.  See Schnabel v. Abramson, 232 F.3d 83, 91 (2d Cir. 2000) (one factor in favor of summary judgment was that the "plaintiff has failed to offer any evidence that he was subjected to any age-related comments or criticisms on the job").

This is a case in which the defendants have presented a clear, nondiscriminatory reason for the decision to terminate the plaintiff.  The plaintiff's proof of her prima facie case is weak and the plaintiff does not offer additional evidence to show that the defendants' reason for terminating her is false.

The defendants' case is strengthened by the fact that the same actor hired and fired the plaintiff within a short period of time, other employees in the plaintiff's protected age group remained on the job after her termination, and the plaintiff was not subjected to any age-related comments.  The plaintiff's conclusory statements do not show that the defendants' reason was pretextual.  No reasonable jury could find based on all the evidence that age was a motivating factor in the plaintiff's termination or that age was a "but for" cause of the termination.

## CONCLUSION

The Court has carefully considered all of the parties' arguments.  To the extent not specifically addressed above, they are either moot or without merit.  For the reasons explained above, the defendants' motion for summary judgment dismissing the plaintiff's complaint is **granted**.  The Clerk of the Court is directed to enter judgment dismissing the complaint and closing this case.  The Clerk is also directed to close any open motions.

SO ORDERED.

Dated:    New York, New York
          December  , 2011

                                          John G. Koeltl
                                    United States District Judge

21